# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOY ANN BAUMGARTNER,<br>Appellant,<br><br>v.<br><br>DEPARTMENT OF VETERANS<br>AFFAIRS,<br>Agency. | DOCKET NUMBER<br>NY-0752-20-0071-I-1<br><br><br>DATE: February 5, 2025 |

## THIS ORDER IS NONPRECEDENTIAL[1]

Brook L. Beesley, Alameda, California, for the appellant.

Kimberly M. Thrun, Cheektowaga, New York, for the agency.

### BEFORE

Cathy A. Harris, Chairman*
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

*The Board members voted on this decision before January 20, 2025.

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her constructive suspension appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

Certain employee-initiated leaves of absence that appear to be voluntary but are not may be appealable under 5 U.S.C. chapter 75 as constructive suspensions. *See Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶¶ 7-8 (2013). Assuming that the jurisdictional requirements of chapter 75 are otherwise met, to establish jurisdiction under these circumstances, the appellant must prove by preponderant evidence that (1) she lacked a meaningful choice in the matter, and (2) it was the agency's wrongful actions that deprived her of that choice. *Id.*, ¶ 8. When an appellant requests to return to work within certain medical restrictions after initiating an absence, the Board considers whether the agency was obligated by an agency policy, a regulation, a collective bargaining agreement, or the Rehabilitation Act of 1973 to offer available work in determining whether the agency's actions were wrongful. *See Crutch v. U.S. Postal Service*, 119 M.S.P.R. 460, ¶ 11 (2013), *overruled on other grounds by Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 10; *Baker v. U.S. Postal Service*, 71 M.S.P.R. 680, 692 (1996). If the appellant makes a nonfrivolous allegation of jurisdiction, then she is entitled to a jurisdictional hearing. *Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 8. A nonfrivolous allegation of Board jurisdiction is an allegation of fact that, if proven, could establish that the Board has jurisdiction over the matter at issue. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994); 5 C.F.R. § 1201.4(s). An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that (1) is more than conclusory, (2) is plausible on its face, and (3) is material to the legal issues in the appeal. 5 C.F.R. § 1201.4(s).

In the initial decision, the administrative judge found that the appellant made a nonfrivolous allegation that she lacked a meaningful choice regarding her absences from work, i.e., that she satisfied the first jurisdictional prong. Initial Appeal File (IAF), Tab 11, Initial Decision (ID) at 4-5. The administrative judge

concluded, however, that the appellant failed to make a nonfrivolous allegation that her absences were precipitated by an improper agency action, i.e., that she failed to satisfy the second jurisdictional prong; accordingly, the administrative judge dismissed the matter for lack of jurisdiction. ID at 1, 5-6. In reaching this conclusion, the administrative judge implicitly found that the appellant had failed to make a nonfrivolous allegation that the agency had violated the Rehabilitation Act because (1) the appellant's claims regarding the same were merely pro forma, and (2) the appellant "voluntarily chose not to comply with [the Federal Employees' Compensation Act (FECA)]." ID at 5-6.

For the following reasons, we disagree with this conclusion, we find that the appellant made allegations sufficient to satisfy the second jurisdictional prong, and we remand the matter for further development of the record and a jurisdictional hearing.

Here, the appellant, a Practical Nurse, submitted a declaration made under penalty of perjury. IAF, Tab 7 at 3-6. In this declaration, the appellant averred that, on May 15, 2019, she sustained an on-the-job injury, which had periodically rendered her unable to work.[2] *Id.* at 4-5. She asserted that, on January 6, 2020, her doctor cleared her to return to work provided that she did not lift more than 20 pounds. *Id.* at 5. In her declaration, the appellant alleged that: (1) she provided agency personnel with a copy of her doctor's note, and (2) she requested a reasonable accommodation related thereto; however, the "reasonable accommodation/HR Official" refused to process her claim, insisting that her lifting restriction "was a workman's comp issue," i.e., that she needed to file a claim under FECA in lieu of seeking a reasonable accommodation under the Rehabilitation Act.

---

[2] As a result of this injury, the appellant was absent from work May 15-27, 2019. IAF, Tab 10 at 133. On May 28, 2019, the appellant returned to work; she continued to work until September 2019, at which point she notified the agency that she was again medically unable to work due to her prior on-the-job injury, and she began to use her accrued sick and annual leave. IAF, Tab 7 at 4-5, Tab 10 at 133. The appellant contended that her constructive suspension began on January 6, 2020, when she again sought to return to work, but the agency precluded her from doing so. IAF, Tab 1 at 3, Tab 7 at 5.

*Id.* The appellant averred in a separate, unsworn statement that "[she] had a right to [the] reasonable accommodation process and consideration under [F]ederal law" regardless of the "work-related injury circumstances." IAF, Tab 8 at 5. She also implicitly alleged that she was a qualified individual with a disability. *Id.*; *see Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶ 10 (2014) (setting forth the circumstances under which the Rehabilitation Act requires an agency to provide an individual with a reasonable accommodation). On review, the appellant reiterates that the agency wrongfully refused to provide her with a reasonable accommodation, and she ostensibly alleges that, had the agency properly processed her request, it had at its disposal a "lifting assistive" device that would have enabled her to perform the essential functions of her position. PFR File, Tab 1 at 7-8.

We find that the appellant's assertions are sufficient to warrant a jurisdictional hearing. To this end, we find that the appellant has presented plausible, nonconclusory allegations that her post-January 6, 2020 absences were precipitated by the agency's failure to comport with the Rehabilitation Act. *See* 5 C.F.R. § 1201.4(s). It is unclear from the record whether the appellant was, in fact, entitled to the reasonable accommodation process. Although "lifting" is considered a major life activity, 29 C.F.R. § 1630.2(i)(1)(i), factual issues remain, such as whether her lifting restriction was a short-term or episodic limitation, *see* 29 C.F.R. § 1630.2(j)(1)(vii), or whether she could perform the essential duties of her position with or without reasonable accommodation. However, the appellant's plausible, nonconclusory allegations are sufficient to proceed to a hearing. To the extent the administrative judge relied on the agency's characterization of its documentary evidence to find that agency personnel "appropriately referred the appellant to [the Office of Workers' Compensation Programs]," i.e., that the appellant's only avenue of redress was under FECA, her finding was erroneous given the posture of the appeal and the appellant's assertions to the contrary. ID at 5; *see Ferdon*, 60 M.S.P.R. at 329 (stating that, in determining whether the

appellant has made a nonfrivolous allegation of jurisdiction, an administrative judge may not weigh evidence or resolve conflicting assertions).

Thus, we find that the appellant has made a nonfrivolous allegation sufficient to entitle her to a Board hearing on jurisdiction. *See Carey v. Department of Health and Human Services*, 112 M.S.P.R. 106, ¶ 7 (2009) (concluding that the appellant made a nonfrivolous allegation of Board jurisdiction when she alleged via affidavit that the agency's refusal to accommodate her disability by allowing her to telecommute forced her to retire). Because the jurisdictional prerequisites of chapter 75 otherwise appear to be satisfied, we remand this appeal for further development of the record and a jurisdictional hearing.[3]

Accordingly, we remand this appeal for a jurisdictional hearing to afford the appellant an opportunity to prove jurisdiction over her involuntary suspension claim.[4]

---

[3] Subchapter II of chapter 75, which applies to suspensions of more than 14 days, does not apply to an employee "who holds a position within the Veterans Health Administration which has been excluded from the competitive service by or under a provision of title 38, unless such employee was appointed to such position under section 7401(3) of such title." 5 U.S.C. § 7511(b)(10); *Mfotchou v. Department of Veterans Affairs*, 113 M.S.P.R. 317, ¶ 8 (2010). Here, the appellant's position of "Practical Nurse," IAF, Tab 10 at 138, is seemingly enumerated under 38 U.S.C. § 7401(3).

[4] Because we find that the appellant made a nonfrivolous allegation sufficient to entitle her to a hearing on jurisdiction and remand the matter for further development of the record, we need not address either the appellant's assertions that the administrative judge improperly weighed other evidence and precluded her from conducting discovery, PFR File, Tab 1 at 2-6, or the agency's motion for leave to file an additional pleading, PFR File, Tab 7 at 4-5. To the extent that further development of the record shows that the appellant's January 2020 medical restrictions stemmed from an injury ruled compensable, this matter shall be analyzed as a restoration appeal. *See Bean*, 120 M.S.P.R. 397, ¶ 13 n.7.

**ORDER**

For the reasons discussed above, we remand this case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:        _____
                      Gina K. Grippando
                      Clerk of the Board

Washington, D.C.